IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00798-BNB

GEORGE E. FLORENCE,

    Plaintiff,

v.

A. BERRIOS,
A. JOHNSON,
D. THARP,
GOMEZ (First Name Unknown),
MICHAEL CARR,
H. A. RIOS, JR.,
MICHAEL K. NALLEY,
HARRELL WATTS,
H. MARSHALL,
SORINTE (First Name Unknown),
M. D. WOOLARD,
VOOGAVICH (phonetic) (First Name Unknown), and
R. WORSHAM,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 2 2006

GREGORY C. LANGHAM
              CLERK

---

SECOND ORDER DIRECTING WARDEN TO PROVIDE COURT
WITH A CERTIFIED COPY OF PLAINTIFF'S TRUST FUND ACCOUNT STATEMENT

---

Plaintiff George E. Florence is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado (FCI-Florence). In an order filed on April 26, 2006, the Court directed Mr. Florence to cure a deficiency in this action by filing a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. On May 11, 2006, Mr. Florence filed a document titled "Diligence in Obtaining Complete 6-Month Inmate Financial Trust Fund Account Printouts" in which he alleged that his

case manager, Mrs. S. Collins, would not provide him with a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of the complaint. On May 15, 2006, the Court issued an order directing the warden within thirty days to provide the Court with a certified copy of Mr. Florence's inmate trust fund account statement or institutional equivalent for the six-month period immediately preceding the filing of the complaint. On June 16, 2006, Mr. Florence submitted a letter to the clerk of the Court explaining that the attached certified copy of his trust fund account statement dated June 13, 2006, was provided to him by Mrs. Collins. The June 13 trust fund account statement, certified by Mrs. Collins, only lists one transaction on December 13, 2005, and shows a balance of $21.62 in Mr. Florence's inmate account.

Pursuant to 28 U.S.C. § 1915(a)(2), Mr. Florence needs "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined" in order to proceed *in forma pauperis* in this action. The certified copy Mrs. Collins provided to Mr. Florence for submission on June 16, 2006, fails to satisfy this criteria. In order for the Court to calculate the initial partial filing fee owed by Mr. Florence in this action, the certified trust fund account statement submitted must show all individual deposits and withdrawals for the entire six-month period immediately preceding the filing of the complaint, and the account statement must note the time frame of the report.

I am concerned about the apparent failure of the warden or other appropriate prison officials to comply with my order them within thirty days to provide to the Court a

certified copy of Mr. Florence's inmate trust fund account statement that complies with the particulars listed in the May 15, 2006, order. I similarly am concerned about the necessity of entering a second order directing the warden to provide a certified copy of Mr. Florence's trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint.

The FCI-Florence warden again will be ordered to obtain from the appropriate prison official and to provide the Court with a certified copy of Mr. Florence's inmate trust fund account statement or institutional equivalent for the six-month period immediately preceding the filing of this action on April 26, 2006. Another failure to provide such an account statement within the time allowed **will** result in a Court order directing the warden to pay the entire $350.00 filing fee owed in this action. Accordingly, it is

ORDERED that the warden of the Federal Correctional Institution in Florence, Colorado (FCI-Florence), shall have **fifteen (15) days from the date of this order** to obtain from the appropriate prison official and provide the court with a certified copy of Plaintiff George E. Florence's inmate trust fund account statement or institutional equivalent for the six-month period immediately preceding the filing of this action on April 26, 2006. It is

FURTHER ORDERED that failure to provide such an account statement within the time allowed **will** result in a Court order directing the FCI-Florence warden to pay the entire $350.00 filing fee owed in this action. It is

FURTHER ORDERED that the clerk of the Court mail a copy of this order to the FCI-Florence warden.

DATED June 22, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00798-BNB

George E. Florence
Reg. No. 98316-131
FCI – Florence
PO Box 6000
Florence, CO 81226

Warden
FCI – Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/22/06

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk